## Case No. 15,217.

### UNITED STATES v. GLENN et al.

[1 Woods. 400.] [1]

Circuit Court, E. D. Texas. May Term, 1872.

COLLECTOR OF CUSTOMS—ACTION ON BOND—FAILURE TO COLLECT.

In an action on the official bond of a collector of internal revenue, where the breach alleged was his failure to account for or pay over the sum of $64,000, it was *held* that dereliction of duty in not collecting said sum could not be shown in order to establish the breach.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

At chambers.

This cause was heard upon a motion for new trial, the ground for which sufficiently appears in the opinion of the court.

Geo. Flournoy, T. N. Waul, and J. Z. H. Scott, for the motion.

D. J. Baldwin, U. S. Atty., contra.

BRADLEY, Circuit Justice. This is an action of debt on the official bond of Frank W. Glenn, as collector of internal revenue for this district. The breaches assigned are, that Glenn did not faithfully perform his duties as collector, but received as such the sum of $64,000, which he never accounted for or paid to the United States. To the declaration was attached a copy of the bond, and a particular statement of Glenn's accounts at the treasury department, showing the balance claimed against him. But it was not pretended, on the trial, that he had actually collected all the items contained on the debit side of the account, but that, under the 34th section of the act of 1864 (13 Stat. 223), he had been charged with the whole amount of the assessor's list of taxes returned to him, together with the amount of unpaid taxes turned over to him by his predecessor, and it was contended that if he had not collected them, it was dereliction of duty on his part unless he showed a sufficient excuse.

We are of opinion that, under the breach set forth in the declaration, dereliction of duty in not making collections cannot be set up at the trial. It is not the same thing as collecting and failing to pay over. At common law, it is true, any failure of duty, to any amount, involved the forfeiture of the bond and the payment of the penalty. And considerable sums were shown to have been collected by Glenn. This evidence was competent, and would have been sufficient, under the rules of the common law which once prevailed, to make him liable for the whole amount. But the courts have long since adopted a more just rule, and give judgment only for the amount actually due. And, as a very large amount was embraced in the verdict which did not consist of moneys collected and unpaid, we think that the verdict must be set aside, but with leave to the district attorney to amend the declaration. Ordered accordingly.

UNITED STATES (GLENN v.). See Case No. 5,481.